UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON A HART,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEGAN J. BRENNAN<br><br>　　　　　Defendant. | Case No. 1:18-cv-01581-LJO-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 9) |

　　　　Sharon Hart ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Family Medical Leave Act, 29 U.S.C. § 2611, *et seq*.

　　　　On April 5, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 9). Plaintiff asks for appointment of counsel because she is an unemployed layperson who knows little about the law. She also indicates that appointment of pro bono counsel is appropriate because she cannot afford counsel.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, from the Court's review of the limited record, it appears that Plaintiff is able to articulate her claims.

Plaintiff is advised that she is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **April 23, 2019**　　　　　　　/s/ Erin P. Gross
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE