# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON ANNETTE HART,<br><br>        Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENNAN, Postmaster General, United States Postal Service,<br><br>        Defendant. | Case No.: 1:18-cv-01581 LJO JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 21) |

On October 15, 2019, Sharon Annette Hart filed a second motion for appointment of counsel. (Doc. 21) Plaintiff again makes the request because she is "a layperson" and reports she does "not understand anything about the language of the law." (*Id.* at 1) Further, Plaintiff asserts she is "currently unemployed and … can't afford to hire an attorney to represent [her] in this matter." (*Id.*)

    As Plaintiff was previously informed, there is no constitutional right to counsel in most civil cases, but the Court may request an attorney to represent indigent persons. 28 U.S.C. § 1915(e)(1). The Court cannot *require* representation of a plaintiff pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in

light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). The Court determined that Plaintiff stated a cognizable claim in her First Amended Complaint, and Plaintiff has demonstrated that she is able to state her position in an intelligible manner before the Court. Further, at this early stage in the proceeding, the Court is unable to make a determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find the required exceptional circumstances at this time.

Accordingly, the Court **ORDERS**: Plaintiff's motion for the appointment of counsel (Doc. 21) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: **October 18, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE