IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON A. HART, | § |
| Plaintiff, | § § § |
| v. | §   CIVIL ACTION NO. 1:18-1581 |
| LOUIS DEJOY, | § § § |
| Defendant. | § § |

**MEMORANDUM AND ORDER**

Sharon Hart sues Louis DeJoy[1] in his capacity as United States Postmaster General, alleging employment discrimination. (Docket Entry No. 1). Hart, a custodian at the U.S. Postal Service, alleges that she was subjected to disparate treatment based on sex and race when she received a Letter of Warning for improperly using the clock-in system, was escorted off the Postal Service premises, and received a Notice of Removal. (Docket Entry No. 35).

The Postal Service moves for summary judgment on the basis that one of Hart's claims is untimely and that she has failed to make a prima facie showing of discrimination as to the other claims. (Docket Entry No. 33). Based on the pleadings, the motions and briefs, the record, and the applicable law, the court grants the motion for summary judgment. The reasons are set out below.

**I.    Background**

Hart alleges that beginning in 2015, she was "unfairly" required to clock in using a different badge reader than other employees. She received a Letter of Warning for her failure to follow instructions and use the correct badge reader. (Docket Entry No. 35 at 3). The Postal Service

---

[1] Hart sued Megan Brennan, the former United States Postmaster General. Louis DeJoy has been automatically substituted. Fed. R. Civ. P. 25(d).

alleges that the Letter of Warning was also based on Hart's habitual late arrival at the daily stand-up meeting. Hart was late 12 times in a 40-day period. (Docket Entry No. 33-2 at 2).

Hart also alleges that after she was absent for about six days in May and June 2015 because her daughter was ill, she was told to write a statement that she had been absent for a "stress related job injury." (Docket Entry No. 35 at 3–4). After she wrote the statement, she alleges that she was instructed to clock out and was then escorted off the premises. The Postal Service denies that it instructs employees to submit false statements about the reasons for being absent from work and asserts that it was its practice in the Sierra Coastal District that an employee complaining of a work-related stress injury must clock out and be escorted off the premises. (Docket Entry No. 33-8 at ¶ 8).

Finally, Hart alleges that after she submitted documents seeking leave under the Family Medical Leave Act, she was charged with having been absent without leave and was issued a Notice of Removal. (Docket Entry No. 35 at 5). The Postal Service responds that Hart provided the Postal Service with a note from her physician stating that she had "hypertension, migraine . . . [and] occupational problems[,]" and could return to work on September 24, 2015. (Docket Entry No. 33-2 at 4–5). They allege that Hart never returned to work after June 19, 2015. Her employment with the Postal Service was terminated in 2016. The Postal Services emphasizes that when it issued Hart a Notice of Removal on February 24, 2016, she had been absent without leave for over 680 hours—17 weeks—dating back to the September 24, 2015, date that her doctor's note stated she could return to work. (Docket Entry No. 33-1 at 20).

I.   **The Standard for Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). A material fact is one "that might affect the outcome of the suit under the governing law," and a genuine issue is one that could permit a reasonable trier of fact to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the nonmoving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).

The nonmoving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson*, 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact weighs conclusively in their favor; it is sufficient at summary judgment to show that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

II.     Analysis

   A.  The Claim Arising from the 2015 Letter of Warning

"Aggrieved persons who believe they have been discriminated against […] must consult a Counselor prior to filing a complaint[.]" C.F.R. § 1614.105(a). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of action." C.F.R. § 1614.105(a)(1). "Compliance with this regulation is 'a statutory precondition to suit.'" *Castillo v. United States Internal Revenue Service,* 2016 WL 310114, at *5 (E.D. Cal. 2016) (quoting *Vinieratos v. U.S., Dep't of Air Force Through Aldridge,* 939 F.2d 762, 789 n.5 (9th Cir. 1991)). "[T]he 45-day deadline constitutes an administrative 'requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)). This "doctrine has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notices of the filing period." *Id.* Courts are generally "unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)).

Hart received the Letter of Warning that is the basis of one of her claims on May 28, 2015. Hart did not contact the EEO about this claim until July 17, 2015. Hart does not dispute this fact. Nor does she argue that her failure to comply with the deadline for contacting an EEO Counselor should be waived, estopped, or equitably tolled. The record shows that Hart had taken EEO action in the past, indicating that she was aware of the 45-day deadline. The Postal Service is entitled to summary judgment on Hart's claim related to the 2015 Letter of Warning.

### B. The Claim Arising from Being Escorted Off the Premises in 2015

The Postal Service also argues that Hart cannot make a prima facie showing of disparate treatment when she was escorted off the premises in 2015 because she cannot demonstrate that employees in similar situations were treated less harshly. "A plaintiff may establish a *prima facie* case of discrimination by introducing evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Lewis v. Peakes*, 2010 WL 5059607, at *4 (E.D. Cal. 2010) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 (1981)). Plaintiffs must establish a "*prima facie* case based on circumstantial evidence by showing: (1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that 'similarly situated employees outside [their] protected class were treated more favorably[.]'" *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citing *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)).

The Postal Service argues that Hart has not made the necessary showing of the fourth prong of this test. "[I]ndividuals are similarly situated" for purposes of establishing disparate treatment discrimination "when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). On June 6, 2015, Hart was instructed by her manager, Mario Taruc, to clock out and leave the premises after she reported a "stress related work injury." (Docket Entry No. 33-2 at 3). The Postal Service explains that Taruc was complying with the Sierra Coastal District's standard operating procedure that an employee complaining of stress injury should "be placed off duty and allowed to return to work only after receiving medical clearance[.]" (Docket Entry No. 33-1 at 10).

Hart argues that no male employees under Taruc's supervision were "forced off the clock and escorted off the premises[,]" and that "there were other male employees under Taruc's supervision who were treated more favorably." (Docket Entry No. 35 at 5). However, Hart fails to identify a male employee who reported on-the-job stress injury and who was otherwise identically situated to Hart and yet faced a less severe consequence than Hart received. (*Id.*). Because Hart has not shown the existence of a similarly situated male employee who received more favorable treatment than she did, summary judgment is granted as to this clam.

### C. The Claim of Discrimination from the 2016 Notice of Removal

On February 16, 2016, Hart was sent a Notice of Removal for being absent without leave and for failing to follow instructions to submit further medical documentation to support her absence. Hart alleges that she had filed the proper medical documents to apply for FMLA leave, and that "[n]o other employee under Taruc's supervision was subjected to the discipline that Hart was subjected to." (Docket Entry No. 35 at 6). Hart notes one that one individual, Jorje Ibarra, who while under a doctor's care and on FMLA leave "was not subjected to a Unilateral 14-day Suspension of a Notice of Removal[.]" (*Id.* at 110). But Hart does not discuss Ibarra's position and circumstances; how long Ibarra was absent or the conditions of his absence; under whom he worked; his race; his position; or how Hart knows how Ibarra was treated by the USPS. (*Id.*). Hart also refers to an employee named Johnson Ocab, but she does not provide any details that show this employee was similarly situated to Hart. (*Id.* at 41).

The facts show that although Hart's doctor stated she could return to work on September 24, 2015, Hart had not returned to work or provided documentation to excuse her continued absence as of the February 24, 2016, Notice of Removal. (Docket Entry No. 33-1 at 20). The Postal

Service had a legitimate basis for sending a Notice of Removal after Hart had been absent without leave for over 680 hours. (*Id.*). Summary judgment is granted as to this claim.

### D. The Claim that the 2016 Notice of Removal was Retaliatory

"'To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action.'" *Wright v. Gates*, 2011 WL 284580 (E.D. Cal. 2011) (quoting *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007)). Hart claims that all the adverse actions against her were retaliation for submitting a EEO complaint against a different supervisor in March 2015.

Hart alleges that Taruc made her clock out for stress injuries in 2016 as "retaliation because [she] was engaged in prior protected EEO activity" at her prior position. (Docket Entry No. 6 at 1). However, Taruc has stated under penalty of perjury that he was not aware that Hart had any prior EEO activity. (Docket Entry No. 36 at 6). Hart does not point to evidence that any person connected to the directive to remove her from the premises knew of her prior EEO activity. And the Postal Service has pointed to evidence that it was the practice in Hart's District to require employees complaining of stress at work to clock out and leave the premises. (Docket Entry No. 33-8 at ¶ 8). Hart has presented no evidence of a causal relationship between her prior EEO activity and 2016 instruction to clock out when she complained of on-the-job stress.

Hart's Notice of Removal, dated February 16, 2016, was issued a little over three months after Hart submitted her second EEO complaint in November 2015. In general, "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F. 3d 1054, 1065 (9th Cir. 2002)); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) (causation can be

inferred from timing alone). "[I]n order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." *Villiarimo*, 281 F. 3d at 1065 *(*quoting *Paluck v. Gooding Rubber Co*., 221 F.3d 1003, 1009-10 (7th Cir. 2000)). Courts in the Ninth Circuit have held that periods up to and around the three-month mark between protected activity and adverse action are sufficient to show causation. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (adverse employment actions taken over two months after the employee filed an administrative complaint demonstrated a *prima facie* case of causation); *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 870 (9th Cir. 1996) (causation can be inferred from allegedly retaliatory actions occurring "within months" of employee's complaints); *US E.E.O.C. v. Placer Arc*, 114 F. Supp. 3d 1048, 1061 (E.D. Cal. 2015) (alleged retaliation occurring throughout a year after the complaint may support some causal link); *see also Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467 (Cal. App. 2 Dist. 1992) (causation could be shown when the termination occurred five months after the protected action).

   Even if temporal proximity is not sufficient, the summary judgment standard requires that reasonable inferences be drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F. 4th 774, 779 (5th Cir. 2022). Hart alleges that Taruc told her "he doesn't want to hear what [she has] to say since [she] feel[s] like [she is] being discriminated against." (Docket Entry No. 6 at 1); *Frazier v. United Parcel Service, Inc.*, 2005 WL 1335245 (E.D. Cal. 2005) (a time period of three to four months, with supplemental evidence, may make a prima facie showing).

   Despite the temporal proximity (three months) and one negative comment, there is ample evidence defeating any inference that Hart would not have received the Notice of Removal in the absence of Postal Service retaliation.  (Docket Entry No. 36 at 9) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)). "Title VII retaliation claims must be proved according to the

traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 570 U.S. 338 (2013). The Postal Service argues that it sent Hart the 2016 Notice of Removal solely because Hart had been absent without leave for over 680 hours. (Docket Entry No. 36 at 10). The Postal Service sent Hart repeated letters directing her to return to work and informing her that she had not provided proper medical documentation to support her long absences. (*Id*.). The Postal Service has shown that it followed proper procedures in instructing Hart on what she had to do to comply with Postal Service attendance and other policies, and in informing her of the consequences of repeated absences without leave. The Postal Service has provided a legitimate, nondiscriminatory explanation that Hart's violations of Postal Service requirements were the reason for the 2016 Notice of Removal and termination.

The burden then shifts to Hart to "raise a triable issue of material fact as to whether the defendant's proffered reasons . . . are mere pretext for unlawful discrimination." *Hawn*, 615 F.3d. at 1155. "Circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." *Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). Hart argues that there is a factual dispute "over medical documentation." (Docket Entry No. 35 at 109). However, she does not explain how this dispute is material or why it gives rise to an inference of pretext. "It is not important whether [the defendant's proffered justifications] were *objectively* false[,] [r]ather, "courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless." *Villiarimo*, 281 F.3d. at 1063 (internal quotations omitted). Hart presents "no evidence that [the defendant] did not honestly believe its proffered reasons[,]" and only alleges that the reasons were wrong. (*Id.*). The Postal Service repeatedly issued Hart notices and letters explaining their

interpretation of Hart's absence and lack of proper medical documentation, to which Hart did not respond. (Docket Entry No. 33-3).

Because Hart has not shown that the defendant's justification of the Notice of Removal was a pretext for retaliation, the court grants summary judgment as to this claim.

## III. Conclusion

The defendant's motion for summary judgment, (Docket Entry No. 33), is granted. Final judgment is separately entered.

SIGNED on August 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge